Commonwealth vs. Ronald J. Reynolds
(and two companion cases[1]).

Berkshire.  September 12, 1983. — September 27, 1983.

Present: Hale, C.J., Greaney, & Smith, JJ.

*Conflict of Interest.  District Attorney.  Practice, Criminal,* Prosecutor's
conflict of interest, Security measures.

At the trial of complaints charging breaking and entering a package liquor
store and larceny, the judge did not abuse his discretion in denying the
defendants' motion requesting appointment of a special prosecutor on
the ground that an assistant district attorney, who did not participate
in the prosecution of the cases, was the owner of the building in which
the package store was located. [663-664]
Where the judge at a criminal trial, upon learning that some members of
the jury might have seen the defendants in handcuffs, questioned the
jurors individually, excused two jurors and obtained affirmative state-
ments of impartiality from the others, he was not required to grant the
defendants' motions for a mistrial. [665]

Complaints received and sworn to in the Central Berk-
shire Division of the District Court Department, two on
March 17 and one on March 18, 1982.

The cases were tried in the jury session of that court be-
fore *Apkin, J.*

*Robert I. Warner* for Ronald J. Reynolds.
*Mitchell W. Boraski* for Jeffrey Purtee.
*Lee Diane Flournoy,* Assistant District Attorney, for the
Commonwealth.

Smith, J.   Ronald Reynolds and Jeffrey Purtee were con-
victed by a jury of six after a joint trial on complaints that
alleged breaking and entering a building in the nighttime
with intent to commit a felony (G. L. c. 266, § 16). In addi-

[1]One of the companion cases is against Reynolds, and the other is
against Jeffrey Purtee.

tion, Reynolds was convicted on a complaint that charged him with larceny of property with a value of less than one hundred dollars (G. L. c. 266, § 30). The defendants have appealed, claiming that error was committed in the denial of their joint motion for the appointment of a special prosecutor, and in the denial of their motions for a mistrial based on the ground that some members of the jury had become aware that the defendants were in custody during their trial. We affirm.

In Pittsfield, on March 16, 1982, a breaking and entering occurred in a package store, and bottles of liquor were stolen. The building in which the package store was located is owned by Daniel A. Ford, the first assistant district attorney for the Berkshire district. Because of Mr. Ford's unique status as both a victim of a crime and a member of the office that would ordinarily prosecute the complaints, a joint motion was filed by the defendants requesting the appointment of a special prosecutor. In effect, the motion asked for the disqualification of the entire staff of the district attorney because of Mr. Ford's involuntary connection with the matter. The motion was denied, and the defendants were prosecuted, at trial, by an assistant district attorney from the Berkshire district. There is nothing in the record that demonstrates that Mr. Ford participated in the prosecution in any way, and the defendants do not so contend.[2] He did not appear as a witness at the trial, and there is no evidence in the record that his dual status as victim and member of the staff of the district attorney was brought to the attention of the jury.

In the circumstances a conflict of interest that would necessitate the disqualification of the entire prosecutorial staff of the district attorney did not exist. The offenses alleged were crimes against property, and by their nature were not attacks upon the integrity of the district attorney's office. Contrast *Commonwealth* v. *Hawley,* 380 Mass. 70,

[2] At the hearing on the motion, the prosecutor represented to the motion judge that the district attorney had instructed Mr. Ford not to have any contact with the cases.

87 (1980).[3]  Nor were the crimes of such a nature that the district attorney and the entire prosecuting staff might appear to have such an emotional stake in the case that it "might disturb [their] exercise of impartial judgment in pretrial and trial proceedings." *People* v. *Superior Court (Greer)*, 19 Cal.3d 255, 270 (1977) (California Supreme Court upheld a recusal order and subsequent appointment of Attorney General to prosecute the case where the victim of a homicide was the son of a member of the district attorney's staff).  See *Commonwealth* v. *Evans*, 390 Mass. 144 (1983).

Mr. Ford was the victim in this case, not the office of the district attorney.  *United States* v. *Heldt*, 668 F.2d 1238, 1275 (D.C. Cir. 1981) (fact that defendants were charged with illegally entering the office of a member of the United States Attorney's office does not require the disqualification of all the assistants from prosecuting the matter).  The trial prosecutor knew of Mr. Ford's connection with the cases. But there is nothing in this record that demonstrates that she overstepped her professional obligations, either because she knew Mr. Ford or because she was aware that he was the victim of the defendants' alleged acts.[4]  Thus, we hold that the denial of the motion to appoint a special prosecutor was not an abuse of discretion.[5]

---

[3] In *Commonwealth* v. *Hawley, supra,* the defendants, in testimony at a hearing on their motions to withdraw pleas of guilty to manslaughter charges, alleged misconduct on the part of the district attorney and an assistant district attorney, among others.  They were indicted for perjury as a result of this testimony.  The defendants filed a motion for the appointment of a special prosecutor which was denied by the judge.  The court did not count as error the denial of the motion but noted "that mode of proceeding might well have commended itself initially."  The court also noted that the prosecutor, a member of the district attorney's staff, "should have been particularly wary of overzealousness in what amounted to a defense of the reputation of his colleagues."  That situation was not present in these cases.

[4] The defendant Reynolds argues that duplicitous complaints were filed against him.  No question was raised at trial about the complaints, and we note that it was the clerk's office which drew up and issued the complaints, not the district attorney's office.

[5] The cases in Massachusetts which have discussed prosecutorial conflict of interest are not on point.  In *Pisa* v. *Commonwealth*, 378 Mass. 724

During the course of the trial it came to the judge's attention that some members of the jury might have seen the defendants in handcuffs. Upon questioning the jurors individually, the judge excused two jurors and obtained affirmative statements of impartiality from the remaining jurors.[6] There was no request for curative instructions. It was not error for the judge to deny the defendants' motions for a mistrial. See *Commonwealth* v. *Ferguson*, 365 Mass. 1, 13 (1974); *Commonwealth* v. *MacDonald*, 368 Mass. 403, 409 (1975).

*Judgments affirmed.*

---

(1979), a lawyer, while a law student, assisted the defense counsel in preparing a memorandum of law in support of the defendant's motion for new trial. After joining the district attorney's office, the young lawyer did minor work on the Commonwealth's brief in the defendant's appeal from the denial of his motion for new trial. The court refused to grant relief by writ of error in the absence of any showing that the defendant was prejudiced by the impropriety. In *Commonwealth* v. *Tabor*, 376 Mass. 811 (1978), the court held that the defendant was entitled to a new trial where the trial prosecutor in a criminal case against a defendant charged with murder was counsel for the victim's widow in a civil action under G. L. c. 258A, in violation of G. L. c. 12, § 30. In *Commonwealth* v. *Shagoury*, 6 Mass. App. Ct. 584 (1978), the court held that it was not an abuse of discretion for a trial judge to deny a motion for new trial where the victim had offered the trial prosecutor a job during the course of trial.

[6] The judge had wisely ordered the empanelment of spare jurors at the commencement of the trial.