COMMONWEALTH *vs.* JAMES H. STEED, III. December 27, 1983. *Rape. Practice, Criminal,* Failure to make objection, Duplicitous convictions, Prosecutor's conflict of interest.

The only indictments which were not placed on file with the defendant's consent (see *Commonwealth* v. *Sowers,* 388 Mass. 207, 208 n.1 [1983]) were the four for aggravated rape. G. L. c. 265, § 22(*a*), as appearing in St. 1980, c. 459, § 6. None of the questions now sought to be argued with respect to those indictments was raised below, and there is nothing in the trial transcript to suggest that a miscarriage of justice might flow from our refusal to consider any of the questions. See *Commonwealth* v. *Freeman,* 352 Mass. 556, 563-564 (1967); *Commonwealth* v. *Levia,* 385 Mass. 345, 355 (1982). Accordingly, we confine ourselves to a few general observations. 1. On the evidence, each of the rapes was separate and distinct from the other three (compare *Commonwealth* v. *Gurney,* 13 Mass. App. Ct. 391, 400-401, 403-404 [1982]; *Commonwealth* v. *Fitzpatrick,* 14 Mass. App. Ct. 1001, 1002-1003 [1982]; contrast *Commonwealth* v. *Jones,* 382 Mass. 387, 392-395 [1981]), and any possibility of aggravation of penalties was avoided by the imposition of identical concurrent sentences on each of the indictments. Compare *Commonwealth* v. *St. Pierre,* 377 Mass. 650, 663 (1979). 2. The assistant district attorney who tried the case and who is now accused of a conflict of interest did not sign any of the indictments, and there is nothing in the record to suggest that he made, or even participated in, any of the decisions as to the nature and number of the indictments which would be sought or tried. Compare *Commonwealth* v. *Reynolds,* 16 Mass. App. Ct. 662, 664 n.4 (1983). We note that the minimum sentences which were imposed were twenty years less than those recommended by the assistant and that the maximum sentences were thirty years less than those recommended. See *Commonwealth* v. *Shagoury,* 6 Mass. App. Ct. 584, 592 (1978), cert. denied, 440 U.S. 962 (1979). 3. The judgments on indictments nos. 81-2373 through 81-2376 are affirmed.

*So ordered.*

*Robert L. Sheketoff* for the defendant.

*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.