STATE of Wisconsin, Plaintiff-Respondent,

v.

David RETZLAFF, Defendant-Appellant.

Court of Appeals

*No. 92-0173-CR. Submitted on briefs August 3, 1992.—Decided September 1, 1992.*

(Also reported in 490 N.W.2d 750.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *P. Scott Hassett* and *Laurie J. Woog* of *Lawton & Cates, S.C.* of Madison.

On behalf of the respondent-respondent, the cause was submitted on the brief of *David G. Ahrens* of *Jury & Ahrens* of Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. David Retzlaff appeals the denial of a motion to disqualify the Sauk County district attorney and to appoint an independent prosecutor to prosecute theft charges against him.[1] Retzlaff argues that the district attorney's receipt of a $300 campaign contribution from the victim of the alleged theft preceding the decision to charge Retzlaff, in light of the former district attorney's conclusion that the case lacked prosecutive merit, creates an appearance of impropriety sufficient to

---

[1] This court granted leave to appeal from this nonfinal order on February 25, 1992.

disqualify the present district attorney. We agree that an appearance of impropriety can violate the Code of Professional Responsibility and can be sufficient to disqualify a district attorney from prosecuting a specific case. However, we conclude that the trial court did not abuse its discretion by determining that the facts of this case were not so aggravated as to require disqualification of the district attorney. Therefore, we affirm the court's denial of Retzlaff's motion.

Retzlaff was accused of stealing $29,515 that allegedly occurred in 1986. The complainant and victim of the alleged theft was Lawrence Gordon. Sergeant Manny Bolz of the Sauk County sheriff's department investigated the case from January 1988 to March 1990. After the investigation, then district attorney John Truby concluded that Gordon's complaint presented probable cause to arrest Retzlaff, but lacked prosecutive merit. Truby therefore refused to charge Retzlaff.

In the November 1990 election, former district attorney Bartley Mauch opposed Truby. Gordon contributed $300 to Mauch's campaign; it was the single largest contribution, aside from that of Mauch and his wife. Following his election as district attorney, Mauch reviewed several of Truby's investigations and charging decisions, including the investigation into the theft allegations against Retzlaff. Mauch concluded that the case had prosecutive merit and decided to charge Retzlaff with the theft. Retzlaff filed a motion to disqualify Mauch from acting as a prosecutor in this case, based on appearance of impropriety, and asked the court to appoint a special prosecutor. The court denied Retzlaff's motion to disqualify, and denied Retzlaff's motion to reconsider in a lengthy memorandum decision.

We first address the question whether an appearance of impropriety is a sufficient basis for the disqualification of a prosecuting attorney. This is a question of law involving an interpretation of statutes and rules that this court determines independently of the trial court. *Brandt v. LIRC,* 160 Wis. 2d 353, 361, 466 N.W.2d 673, 676 (Ct. App. 1991).

The state argues that the appearance of impropriety, without more, is an insufficient basis for the court to remove a prosecuting attorney. The state bases its argument upon an examination of the Wisconsin Code of Professional Responsibility, which at one time obligated attorneys to "avoid even the appearance of professional impropriety." Canon 9, *Code of Professional Responsibility,* 43 Wis. 2d lxxi (1969). The state points out, however, that the code was subsequently amended and, since January 1, 1988, does not contain the broad prohibition against the appearance of impropriety. Rather, the code illustrates specific instances of prohibited conflict of interest. The state concludes that because the code no longer contains a broad prohibition of appearances of impropriety, disqualification of counsel cannot be based on that ground.

We do not agree with either the state's analysis or its conclusion. Prior to 1987, the Wisconsin Code of Professional Responsibility provided that attorneys "should avoid even the appearance of professional impropriety." SCR 20.48 (1986). This rule embodied the substance of Canon 9 of the ABA Code of Professional Responsibility. In 1987, Wisconsin adopted the ABA Model Rules of Professional Responsibility, which omit the "appearance of impropriety" language. Instead, the code enumerates specific prohibited conflicts of interest. The change in language was motivated by the fact that

the term "impropriety" is not specifically defined. *Burkes v. Hales,* 165 Wis. 2d 585, 599–600, 478 N.W.2d 37, 43 (Ct. App. 1991).

The obligation to avoid appearances of impropriety is nonetheless implicit in the new Wisconsin Rules of Professional Conduct. *Id.* A court may disqualify counsel based upon an appearance of impropriety if the conduct is sufficiently aggravated. The issue whether the conduct is sufficiently aggravated is submitted to the trial court's discretion. *Id.* Therefore, we conclude that under some circumstances, an appearance of impropriety can result in a violation of the code. While the appearance of impropriety is not a basis for automatic disqualification, it is an element that the trial court may consider in making disqualification determinations.

Having concluded that the trial court may consider the appearance of impropriety when faced with a request to disqualify counsel, we turn to the issue of whether the trial court erred by refusing to disqualify Mauch in this case. The trial court has broad discretion in determining whether the facts of a case require disqualification of counsel; therefore, we review this issue under an abuse of discretion standard. *Id.* at 590, 478 N.W.2d at 39. Because disqualification is a fact-specific determination, we will affirm the trial court's determination if the record demonstrates that the court considered the facts and reached a reasoned conclusion based upon applicable law. *Id.* at 590–91, 598, 478 N.W.2d at 39–40, 43. We recognize that some fact situations are so clearly detrimental to the integrity of the legal profession and administration of justice that counsel should be disqualified as a matter of law. In this case, however, we are

dealing with subtle shades of conduct that are subject to conflicting inferences.

We conclude that the trial court properly applied the law to the facts and reached a reasoned conclusion. The court noted that there is no direct evidence of any wrongdoing on the part of the district attorney, and then considered whether the alleged theft victim's contribution to Mauch's campaign prior to his decision to charge created an appearance of impropriety. The court acknowledged that some inference could be drawn that the prosecution was prompted by the contribution, but concluded that the inference was insufficient to require disqualification. The court opined that the more persuasive explanation was that Mauch was fulfilling his obligations to review his predecessor's prosecutorial decisions and to prosecute cases that he believed should have been prosecuted but were not. Finally, the trial court noted that a district attorney has broad discretion in determining whether to bring charges, as long as he believes the evidence is sufficient to support a conviction.

██

We conclude that the trial court's determination that the facts of this case were not so aggravated as to require Mauch's disqualification is not an abuse of discretion. We note that the most cynical person may conclude that there is a causal connection between the campaign contribution and the decision to prosecute this case that was previously determined to be lacking in prosecutive merit. When two competing inferences can be drawn from the facts, we are bound to accept the inference drawn by the finder of fact. *State v. Friday,* 147 Wis. 2d 359, 370–71, 434 N.W.2d 85, 89 (1989). We are without power to choose a different inference when the inference drawn is reasonable. *Id.*

Here, the record supports the trial court's inference. This is not the only case where the prior district attorney's prosecutorial decisions were reviewed. Further, there is no evidence of any discussions between Mauch and Gordon concerning this prosecution. Finally, prosecutive merit is evidenced by the court commissioner's determination that probable cause exists that Retzlaff committed the crime. Based on these facts, we cannot conclude as a matter of law that Mauch should be disqualified. Many appropriate factors support Mauch's charging decision as a proper exercise of prosecutorial discretion. Because the trial court applied the relevant legal standards and reached a reasoned conclusion based upon the facts in the record, we conclude that it properly exercised its discretion and affirm the order denying Retzlaff's motion.

*By the Court.*—Order affirmed.