No. 79,508

STATE OF KANSAS, *Appellant,* v. RUDOLPHO DIMAPLAS, *Appellee.*

(978 P.2d 891)

Opinion filed April 16, 1999.

*Julie McKenna,* county attorney, argued the cause, and *Carla J. Stovall,* attorney general, was with her on the brief for appellant.

*Elizabeth Seale Cateforis,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with her on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: This is the State's appeal from an order dismissing a criminal case where the trial judge disqualified all attorney members of the Saline County Attorney's office because two trial witnesses were a present and former member of that staff. The trial judge determined there was an impermissible appearance of impropriety as well as a conflict of interest.

The record shows Rudolpho Dimaplas was charged on May 19, 1997, with feloniously operating a motor vehicle while his driving privileges were revoked, a level 9 nonperson felony. The charge was based on the affidavit of Officer Ron Emmot dated October 16, 1996, that Thomas Stanton, Assistant Saline County Attorney and Bruce Moore, a former Assistant Saline County Attorney, had seen Dimaplas driving a motor vehicle on the streets of Salina the previous day.

Stanton appeared on behalf of the State on a June 2, 1997, hearing and obtained a continuance of the preliminary hearing. Four days later, Dimaplas' counsel appeared and was granted a continuance to June 25, 1997. At the June 25, 1997, hearing the trial court granted Dimaplas' motion to disqualify the Saline County Attorney's office from prosecuting the case, stating: "If you wish to proceed, then you may appoint a special prosecutor from someone who is located outside of your office."

When asked to reconsider, the trial court refused, stating: "It's a conflict of interest. It's also subtle, if not down right intimidation. . . ." The State argued that "prosecution is a separate function from the judiciary." The State noted it intended to be represented by a prosecutor who was not on staff when the case arose and argued against the unnecessary expense required to hire a special prosecutor.

The State was given until June 30, 1997, to appoint a special prosecutor. On that day, the State requested a change in the ruling, arguing it had contacted the Disciplinary Administrator's office and had been informed the situation did not involve a conflict of interest. The State suggested *State v. Rollins*, 24 Kan. App. 2d 15, 19, 941 P.2d 411 (1997), *reversed on other grounds* 264 Kan. 466, 957 P.2d 438 (1998), supported its position.

The trial court considered the State's authorities, but in a written ruling noted its concern over the delay from October to May in the filing, held there was an appearance of impropriety, stated prosecutorial discretion would be lacking, ruled the entire office was disqualified, and opined the court had the right to do so under *State v. McKibben*, 239 Kan. 574, 581, 722 P.2d 518 (1986).

When the State announced it would not appoint a special prosecutor, the trial court dismissed the case. The State appealed.

Characteristically and importantly the parties cannot agree as to our standard of review of the trial court's order.

The State contends the disqualification of the county attorney's office violated the separation of powers doctrine, making this a constitutional issue and one in which we have unlimited review on a de novo basis. *State v. Williamson*, 253 Kan. 163, 166, 853 P.2d 56 (1993); *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993).

Dimaplas first contends the issue of separation of powers was not raised before the trial court. This is incorrect, as the prosecutor clearly spoke of its function being separate from that of the judiciary. If the issue is considered, Dimaplas argues our review is that of an abuse of discretion, citing *State v. McKibben*, 239 Kan. at 581-82, and *State v. Goodnow*, 12 Kan. App. 2d 294, 300, 740 P.2d 113, *rev. denied* 242 Kan. 904 (1987).

The issue of our standard of review where a conflict of interest is raised was considered in *In re Estate of Koch*, 18 Kan. App. 2d 188, 215, 849 P.2d 977, *rev. denied* 253 Kan. 858 (1993). *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980), was relied on for a holding that whether a disciplinary rule prohibited certain professional conduct was a question of law subject to plenary review. The *Koch* opinion cited *Haynes v. First Nat'l State Bk. of N.J.*, 87 N.J. 163, 432 A.2d 890 (1981), as a case relied on by both parties for treating the issue of disqualification as a legal one.

Our standard of review was stated slightly differently in *LeaseAmerica Corp. v. Stewart*, 19 Kan. App. 2d 740, 743, 876 P.2d 184 (1994), where it was held that the interpretation of a disciplinary rule was subject to de novo review, although the trial court's use of disqualification as a sanction was subject to review

for abuse of discretion. In *LeaseAmerica,* the issue was whether Kansas Rules of Professional Conduct (KRPC) 3.7 (1998 Kan. Ct. R. Annot. 363) prohibited trial counsel from continuing in the case when the attorney might be called as a witness. This was determined to be a question of law over which an appellate court has unlimited review. See *Hutchinson Nat'l Bank & Tr. Co. v. Brown,* 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

Before considering the specific problem of the application of the conflict of interest rules, we note that the existence of an "appearance of impropriety" that was relied upon by the trial court is no longer viable. This was pointed out in *Koch,* where it was said:

"Prior to the adoption of the MRPC, many decisions regarding conflict of interest relied on the notion of avoiding 'even the appearance of professional impropriety.' Criticism of the appearance of impropriety standard was widespread and that standard was not included in the MRPC. See Aronson & Weckstein, Professional Responsibility in a Nutshell, pp. 226-28 (2d ed. 1991). In determining attorney disqualification issues, the appearance of impropriety standard is specifically rejected in favor of a 'function approach' concentrating on preserving confidentiality and avoiding positions actually adverse to the client. See Comment, MRPC 1.10 (1992 Kan. Ct. R. Annot. 270, 272). The MRPC deals with actual conflicts and contains guidelines for use in recurring conflict of interest situations." 18 Kan. App. 2d at 212-13.

We further note the trial court's reliance on *State v. McKibben,* 239 Kan. 574, is misplaced. It is factually different. McKibben had been represented by an appellate defender who joined the Saline County Attorney's office that was prosecuting him. McKibben moved to disqualify everyone in the Saline County Attorney's office. The trial court held the attorney who had represented McKibben could not comment on or in any way be involved with the case but did not disqualify the entire office. We declined to adopt a per se disqualification rule and held the trial court did not abuse its discretion in refusing to require the appointment of a special prosecutor. The danger of a conflict existing in *McKibben* was far greater than we face here. It is not comparable to our issues and does not justify the trial court's actions. In fact, *McKibben* might better be cited by the State as an instance in which a reasonable approach to a disqualification issue was taken.

The question we must resolve is simply whether KRPC 3.7, its modifying rules KRPC 1.7 (1998 Kan. Ct. R. Annot. 312) and KRPC 1.9 (1998 Kan. Ct. R. Annot. 320), and the general duties relating to a prosecutor in KRPC 3.8 (1998 Kan. Ct. R. Annot. 365) require disqualification. As we will hereinafter show they do not. KRPC 3.7 states:

"(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

"(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."

The issue before us is not answered by (a) which is not applicable to our case. This brings into consideration (b) which specifically allows representation by the Saline County Attorney's office unless precluded by KRPC 1.7 and 1.9, which state:

Rule 1.7

"(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents after consultation.

"(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved."

Rule 1.9

"A lawyer who has formerly represented a client in a matter shall not thereafter:

"(a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or

"(b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known."

While the rule speaks to members of a lawyer's firm, we treat the Saline County prosecutor's office as a firm of lawyers subject to the rule. See Comment to Rule 1.10 (1998 Kan. Ct. R. Annot. 322). The provisions of Rules 1.7 and 1.9 clearly do not apply to our facts. Dimaplas was never the client of anyone in the Saline County prosecutor's office. There is no conflict of interest in this case. Under Rule 3.7(b), "a [Saline County prosecutor] may act as an advocate in a trial [where attorney Stanton] is likely to be called as a witness."

Stanton and Moore are identification witnesses to the alleged fact that Dimaplas was driving when his license to do so was revoked. Whether Dimaplas was the driver remains an issue for the trier of fact to determine. The basis of the testimony by Stanton and Moore is subject to cross-examination. This is no different than Dimaplas would face from any other witness prepared to testify that she or he saw him driving.

The trustworthiness of the identification remains subject to all of the *State v. Warren*, 230 Kan. 385, 635 P.2d 1236 (1981), factors. The parties are all bound by the facts and witnesses that exist in each case.

Although not raised by either party, we also look to KRPC 3.8 (1998 Kan. Ct. R. Annot. 365) (Special Responsibilities of a Prosecutor) to determine if any ethical violation might there exist which would justify the trial court's action. Rule 3.8 states:

"The prosecutor in a criminal case shall:

"(a) refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause;

"(b) make reasonable efforts to assure that the accused has been advised of the right to, and the procedure for obtaining, counsel and has been given reasonable opportunity to obtain counsel;

"(c) not seek to obtain from an unrepresented accused a waiver of important pretrial rights, such as the right to a preliminary hearing;

"(d) make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the

tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal; and

"(e) exercise reasonable care to prevent investigators, law enforcement personnel, employees or other persons assisting or associated with the prosecutor in a criminal case from making an extrajudicial statement that the prosecutor would be prohibited from making under Rule 3.6."

The Comment to Rule 3.8 states the prosecutor has a responsibility of a minister of justice and not simply that of an advocate. An examination of the above provisions does not reveal any specific part of Rule 3.8 that would be in jeopardy of violation by the manner of going forward which has been proposed in this case.

The closest factual situation to this case that we have found in Kansas occurred in *In re Harris*, 261 Kan. 1063, 934 P.2d 965 (1997). In that disciplinary matter, Harris argued that because Deputy Disciplinary Administrator Hazlett had been involved in a fee dispute, KRPC 3.7 required the case to be referred to a special disciplinary prosecutor. We noted that while KRPC 3.7 prohibits a lawyer from being an advocate at a trial in which the lawyer is a material witness on a contested issue, Deputy Disciplinary Administrator Diehl, not Hazlett, prosecuted the case. We held: "MRPC 3.7 does not prevent a deputy disciplinary administrator from prosecuting a case in which another deputy disciplinary administrator is a material witness." 261 Kan. at 1074. We further held there was no confidential relationship between Hazlett and either of the parties involved with the dispute.

Our decision in *Harris* controls. The trial court incorrectly found a conflict of interest. The dismissal of the cause of action was improper.

Reversed and remanded with instructions to reinstate the prosecution and proceed with the case.