(50 P.3d 513)
No. 84,221

STATE OF KANSAS, *Appellee*, v. GERALD L. COPE, *Appellant*.

Opinion filed July 26, 2002.

*Debra J. Wilson,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Steven J. Obermeier,* assistant district attorney, *Paul J. Morrison,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before PIERRON, P.J., MARQUARDT and BEIER, JJ.

MARQUARDT, J.: On petition for review, the Kansas Supreme Court affirmed the jury trial conviction of Gerald L. Cope and reversed the Court of Appeals' decision. The case was remanded

to this court for decision on the issue of whether the trial court erred when it denied Cope's motion to disqualify the Johnson County District Attorney's office from prosecuting this case. We affirm.

The facts not relevant to this issue will not be reiterated herein, as they have been thoroughly discussed in the Kansas Supreme Court opinion and in our previous opinion. See *State v. Cope*, 273 Kan. 642, 44 P.3d 1224 (2002); *State v. Cope*, 29 Kan. App. 2d 481, 29 P.3d 974 (2001).

Cope talked with a coworker, Jeremy Walker, and said that he was "going to go to war with" Johnson County. He planned to obtain C-4 explosives and place them around the courthouse. Walker expressed his concern to Chuck Wiegand, a former police officer. Cope told Wiegand that "Johnson County had robbed [him] of any reason to live."

Lieutenant Resman apprised courthouse security officers about Cope's threats. Lieutenant Resman arranged for officers in unmarked vehicles to follow Cope during his daily routine.

Cope was arrested and charged with one count of making a criminal threat. Cope filed a motion for a change of judge and asked that the Johnson County District Attorney's office be excused from handling the case. Cope believed that every person who worked in the courthouse was a potential victim of the crime and that the attorneys who worked in the district attorney's office would be biased by having a conflict of interest. Cope alleged that the entire district attorney's office was "infected with the desire to get [him] for this crime regardless of whether the elements are made." Cope supported his argument by stating that he was not offered a plea bargain. The State responded that there was no conflict of interest and the prosecuting attorney did not view Cope's case any differently than other cases.

Cope's motion to recuse the attorneys in the district attorney's office was denied. However, Cope's motion for a change of judge was granted. The case was heard by a judge pro tem from a different judicial district.

Cope was sentenced to 24 months' probation, with an underlying prison term of 9 months. Cope chose to serve the prison term

because he had 157 days of jail time credit. Cope timely appealed his conviction and sentence. This court reversed the conviction and upheld the constitutionality of K.S.A. 21-3419. See 29 Kan. App. 2d 481. The only issue raised with the Kansas Supreme Court was the sufficiency of the evidence for the conviction. The court held that there was sufficient evidence and reversed and remanded the case to this court to decide whether it was error for the trial court to deny Cope's motion to disqualify the attorneys in the Johnson County District Attorney's office.

On appeal, Cope maintains that the Johnson County District Attorney's office was an object of his alleged threat and, as such, it was a crime victim and should not have been allowed to prosecute his case. Cope argues that his prosecution by a victim of the crime violated his Fourteenth Amendment right to due process of law. Cope maintains that a prosecutor who has a stake in a criminal prosecution has a conflict of interest.

The trial court's decision on a motion to disqualify an attorney from handling a legal matter is subject to review for abuse of discretion. See *State v. Dimaplas*, 267 Kan. 65, 67-68, 978 P.2d 891 (1999).

The prosecution of criminal offenses is the responsibility of the public prosecutor who ordinarily has sole discretion to determine whom to charge, what charges to file and pursue, and what punishment to seek. It is important to the public, as well as to individuals suspected or accused of crimes, that these discretionary functions of the prosecutor be exercised with the highest degree of integrity and impartiality, and with the appearance of the same. See *People v. Eubanks*, 14 Cal. 4th 580, 588-89, 59 Cal. Rptr. 2d 200, 927 P.2d 310 (1996).

The prosecutor speaks not only for the victim, or the police, or those who support them, but for all citizens. *Eubanks*, 14 Cal. 4th at 589. Both the accused and the public have a legitimate expectation that the prosecutor's zeal will be objective and impartial in each individual case. *Eubanks*, 14 Cal. 4th at 590.

A conflict of interest exists in the prosecution of a criminal case whenever the circumstances of the case evidence a reasonable possibility that the prosecutor's office may not exercise its discretionary

function in an evenhanded manner. However, a conflict of interest warrants recusal only if the conflict is so grave as to render it unlikely that the defendant will receive fair treatment during all portions of the criminal proceedings. See *Eubanks,* 14 Cal. 4th at 590-92.

We have found no case involving a defendant threatening to blow up a courthouse and then seeking to disqualify an entire prosecutor's office from prosecuting the case. There is no disciplinary rule that deals with the issue raised in the instant case.

In *United States v. Hubbard,* 493 F. Supp. 206 (D.C. 1979), the defendants moved to disqualify the entire office of the United States Attorney for the District of Columbia from prosecuting their cases on the grounds that the office was the victim of the crimes charged. The indictment charged the defendants with burglaries and thefts from the office of an assistant United States attorney. The court found that the only meaningful connection between the office and the prosecution was that one attorney's office was burglarized. The attorney whose office was burglarized was not involved in the case, and the court held that the facts did not constitute a disqualifying interest. 493 F. Supp. at 207.

In *Commonwealth v. Reynolds,* 16 Mass. App. 662, 454 N.E.2d 512 (1983), a building owned by an assistant district attorney was burglarized. A joint motion was filed by the defendants asking the court to appoint a special prosecutor. The court held that a conflict of interest did not exist which would necessitate the disqualification of the district attorney's entire prosecutorial staff, since the offenses alleged were crimes against property and were not attacks upon the integrity of the district attorney's office. 16 Mass. App. at 663.

In *Dimaplas,* the defendant sought to disqualify the entire Saline County District Attorney's office because two of the trial witnesses were a current and former member of that staff. The Kansas Supreme Court found that the trial court incorrectly found a conflict of interest. 267 Kan. at 71; see *State v. Goodnow,* 12 Kan. App. 2d 294, 299-300, 740 P.2d 113, *rev. denied* 242 Kan. 904 (1987).

Here, it is uncontroverted that the district attorney's office is located in the Johnson County courthouse, which employed ap-

proximately 370 people at the time of Cope's trial. Our task here is to determine whether the trial court erred in not disqualifying the Johnson County District Attorney's office, and if Cope's Fourteenth Amendment right to due process was violated.

It is true that a targeted victim of a crime would be personally and emotionally vested in the outcome of the crime charged. The key in deciding whether a prosecutor should be disqualified is whether the prosecutor has a significant personal interest in the litigation which would impair the prosecutor's obligation to act impartially toward both the State and the accused. See *Sinclair v. State*, 278 Md. 243, 254, 363 A.2d 468 (Md. App. 1976).

We disagree with Cope's argument that he victimized the district attorney's office to such a degree that he created a conflict of interest. Cope never directly threatened the district attorney's office. This is not a case where he targeted a specific attorney or group of attorneys from that office as the victim or victims of a specific crime. Indeed, his actions targeted the entire courthouse. Cope's argument that any staff member of any office in the building was a victim is simply too broad. Under Cope's logic, everyone from the bailiff to the court reporter was his victim and suffered a potential bias. One could even argue that the entire jury pool was biased, since the courthouse is a public building and any Johnson County resident was a potential target of Cope's wrath.

In addition, we note that while the district attorney is given broad prosecutorial discretion, the trial judge is ultimately in charge of making trial decisions. A pro tem judge from a different judicial district presided over Cope's trial. This limited the impact of the actions taken by the district attorney's office. Cope's due process rights were not violated. Accordingly, we find no abuse of discretion in the trial court's refusal to dismiss the Johnson County District Attorney's office from prosecuting Cope's case.

Affirmed.