The Honorable Michael J. Malone District Judge, Douglas County District Court 111 E. 11th Street Lawrence, Kansas 66044-2966
Dear Judge Malone:
You inquire regarding the appointment and compensation of a court-appointed special prosecutor in situations where a district attorney's office is ethically disqualified from prosecuting due to potential conflict of interest concerns.
K.S.A. 19-711 authorizes a court to "appoint an attorney to act as county attorney" in the event of the "disability" of the county attorney and his or her deputies. Disability includes disqualification because of attorney ethics concerns.[1] The reference in K.S.A. 19-711 to a "county attorney" includes district attorneys and their assistants and deputy attorneys.[2] Therefore, in those circumstances where a court determines that a district attorney's office is ethically disqualified from prosecuting a matter,[3] the court may appoint a special prosecutor.[4]
You also inquire whether a court may appoint an attorney employed by another district or county attorney's office. Our understanding is that it is common practice for a county or district attorney whose office is disqualified from prosecuting to use an attorney employed by another county or district attorney's office. While an assistant county attorney or assistant district attorney from another county is not obligated to provide such assistance,[5] the Kansas Court of Appeals has approved these reciprocal non-compensated arrangements:
 "There is no law that requires a county attorney to attend any court or do any business, civil or criminal, that requires his or her personal attendance outside his own county. However, there is also no law that prevents a county attorney from voluntarily appearing without compensation in another county to prosecute an action which arises in that county."[6]
While a court cannot require an attorney from another county or district attorney's office to prosecute a matter, the court may appoint such attorney if the latter agrees to accept the appointment. However, in the case of an attorney from a district attorney's office, the attorney must be mindful of the statutory requirement that he or she "devote full time to official duties" and not accept an appointment that will interfere with such duties.[7]
Insofar as whether an attorney from another county or district attorney's office can accept a fee for prosecuting a matter in another county, K.S.A. 19-705 prohibits a county or district attorney from accepting a fee for the performance of official duties required by law.[8] Those official duties include prosecuting criminal matters in the court having jurisdiction in the county.[9] Therefore, K.S.A. 19-705
would not preclude accepting a fee for prosecuting a case in another county on behalf of a disqualified district attorney's office.
Finally, you inquire regarding who is responsible for providing compensation to the court-appointed special prosecutor. K.S.A. 20-348
places responsibility upon each county "for all expenses incurred for the operation of the district court in the county."
In Board of Osage County Comm'rs v. Burns,[10] the Kansas Supreme Court concluded that counties are responsible for all expenses incurred for the operation of the district court unless the expenses are required by law to be paid by the State. The Court has determined that in the absence of a statute requiring the state to pay attorney fees for indigent misdemeanor defendants, a county was required to do so. This holding was reaffirmed in In Re Care Treatment of Raborn,[11]
where the Court opined that counties must pay attorney fees for indigent individuals in cases arising under the Sexually Violent Predator Act.[12]
K.S.A. 19-711 authorizes a court to appoint a special prosecutor but does not address the issue of attorney fees. Applying the rationale ofBurns and Raborn, it is our opinion that where a court appoints a special prosecutor pursuant to K.S.A 19-711, the county is responsible for paying such fees.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Mary Feighny Assistant Attorney General
PK:JLM:MF:jm
[1] Attorney General Opinion No. 82-139.
[2] K.S.A. 2001 Supp. 22a-107 ("Whenever in any of the statutes of this state the term `county attorney' is used, it shall be construed to include district attorney . . . unless the context otherwise requires.")
[3] See State v. Cope, 50 P.3d 513 (Kan.App. 2002) ("A conflict of interest exists in the prosecution of a criminal case whenever the circumstances of the case evidence a reasonable possibility that the prosecutor's office may not exercise its discretionary function in an evenhanded manner. However, a conflict of interest warrants recusal only if the conflict is so grave as to render it unlikely that the defendant will receive fair treatment during all portions of the criminal proceeding.") See also State v. Dimaplas, 267 Kan. 65 (1999) (trial court reversed for disqualifying entire county attorney's office; "appearance of impropriety" no longer the standard for conflict of interest matters).
[4] State v. Rollins, 24 Kan. App. 2d 15, reversed on other grounds,264 Kan. 466 (1998); State v. Baker, 249 Kan. 431, 443 (1991) ("Although we find no Kansas cases which define `special prosecutor,' we are of the opinion that . . . it refers to one who is temporarily appointed by the court to replace the absent county attorney pursuant to K.S.A. 19-711 or19-715.")
[5] K.S.A. 19-702; 19-703; 22a-104.
[6] State v. Rolllins, 24 Kan. App. 2d at 23. See also State v. Heck,
8 Kan. App. 2d 496 (1983).
[7] K.S.A. 22a-106(b); Attorney General Opinions No. 93-16, 77-306.
[8] Attorney General Opinions No. 98-23, 87-179.
[9] K.S.A. 19-702("It shall be the duty of the county attorney to appear in any court having jurisdiction within the county and prosecute . . . all [criminal] actions . . ."); K.S.A. 22a-104(a) ("[It] shall be the duty of the district attorney to appear in the several courts of the judicial district in which the district attorney is elected and to prosecute . . . all matters arising under the laws of this state . . .").
[10] 242 Kan. 544 (1988).
[11] 259 Kan. 813, 819 (1996).
[12] K.S.A. 59-29a01 et seq.