An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JESSIE ELIZABETH WALSH,
DISTRICT JUDGE,
Respondents,
    and
BRIAN ROBERT BLOOMFIELD;
STEVEN EARL BROX; AND ROBERT
ANTHONY CHIODINI,
Real Parties in Interest.

No. 61860

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER GRANTING PETITION

This original petition for a writ of mandamus challenges a district court order granting a motion to recuse the Clark County District Attorney's Office from prosecuting the real parties in interest. The State asserts that the district court abused its discretion by arbitrarily and capriciously granting the motion to recuse because there is no conflict of interest. We agree and therefore grant the petition.

Mandamus is an extraordinary remedy, and the decision to entertain a petition for a writ of mandamus rests within our discretion. See Poulos v. District Court, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); see also State ex rel. Dep't Transp. v. Thompson, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983). We have indicated that mandamus is the appropriate vehicle for challenging attorney disqualification rulings. See generally Collier v. Legakes, 98 Nev. 307, 646 P.2d 1219 (1982). But "[t]he

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07715

disqualification of a prosecutor's office rests with the sound discretion of the district court," id. at 309, 646 P.2d at 1220, and "while mandamus lies to enforce ministerial acts or duties and to require the exercise of discretion, it will not serve to control the proper exercise of that discretion or to substitute the judgment of this court for that of the lower tribunal," id. at 310, 646 P.2d at 1221. Accordingly, where the district court has exercised its discretion, a writ of mandamus is available only to control an arbitrary or capricious exercise of discretion. See Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). "An arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." State v. Dist. Ct. (Armstrong), 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (citations omitted).

We conclude that the district court acted arbitrarily or capriciously in granting the motion to recuse. In Collier, we held that when exercising its discretion on whether to disqualify due to a conflict of interest, the district court "should consider all the facts and circumstances and determine whether the prosecutorial function could be carried out impartially and without breach of any privileged information." 98 Nev. at 310, 646 P.2d at 1220. There is no potential breach of privileged information in this case, so the inquiry should be whether the prosecutorial function can be carried out impartially. This is similar to the finding in several other states that a conflict of interest may exist if there is a "reasonable possibility that the prosecutor's office may not exercise its discretionary function in an evenhanded manner." State v. Cope, 50 P.3d 513, 515 (Kan. Ct. App. 2002); see also Milsap v. Superior Court, 82 Cal. Rptr. 2d 733, 735 (Ct. App. 1999); People v. C.V., 64 P.3d

272, 275 (Colo. 2003); Head v. State, 560 S.E.2d 536, 537-38 (Ga. Ct. App. 2002).

In Collier, this court held that vicarious disqualification may be required in "extreme cases where the appearance of unfairness or impropriety is so great that the public trust and confidence in our criminal justice system could not be maintained without such action." 98 Nev. at 310, 646 P.2d at 1221. The State is correct that the appearance-of-impropriety standard is no longer recognized by the American Bar Association. Liapis v. Dist. Ct., 128 Nev. ___, ___, 282 P.3d 733, 736-37 (2012); Brown v. Dist. Ct., 116 Nev. 1200, 1204 n.4, 14 P.3d 1266, 1269 n.4 (2000). However, the standard adopted by several other courts or legislatures after rejecting the appearance-of-impropriety standard is similar to the language used in Collier to explain what constitutes an appearance of impropriety for public lawyers. Most of these states allow recusal only if the conflict would render it unlikely that the defendant will receive a fair trial.[1] Cal. Penal Code § 1424(a)(1); Cope, 50 P.3d at 515-16; C.V., 64 P.3d at 275. This concern is included in the test espoused in Collier—whether the public trust and confidence in the criminal justice system could be maintained. Thus, while we acknowledge that the appearance-of-impropriety standard has been rejected by numerous courts, because our definition of appearance of impropriety in Collier comports with the standard other states now apply, we will continue to

---

[1]Some courts have gone further, finding that a mere appearance of impropriety is not enough and require a showing of actual prejudice to the defendant. Schumer v. Holtzman, 454 N.E.2d 522, 526 (N.Y. 1983); Haywood v. State, 344 S.W.3d 454, 462-63 (Tex. Crim. App. 2011).

determine whether the conflict of interest undermines the public trust and confidence in the criminal justice system.[2]

In this case, the district court concluded that the prosecutorial function could not be carried out impartially, an extreme appearance of impropriety existed since the case involves at least 27 attorneys from the office, and screening could not cure the appearance of impropriety. We conclude that the district court acted arbitrarily and capriciously because the facts and circumstances do not support the district court's conclusion that there is a conflict of interest or that there would be an appearance of impropriety if the Clark County District Attorney's Office continued the prosecution of this case. There has been no demonstration that the prosecution of the defendants in this case could not be carried out impartially because 27 deputy district attorneys may be called as witnesses in this case. RPC 3.7(b) allows an attorney to act as an advocate in a trial where another attorney in the law firm is likely to be called as a witness unless precluded by RPC 1.7 or RPC 1.9. RPC 1.7 and RPC 1.9 do not apply as there is no issue regarding past or current clients. We note that of the numerous deputy district attorneys that were called to testify at the evidentiary hearing on this motion, none of them had any recollection of the court hearings they were called to testify about. Further, we cannot discern any appearance of impropriety in this case, and certainly none exists to the extent that it would undermine the public

---

[2]Other states have continued to apply the appearance of impropriety standard while noting that the American Bar Association no longer recognizes it. State v. Retzlaff, 490 N.W.2d 750, 752 (Wis. Ct. App. 1992); State ex rel. Romney v. Superior Court, 891 P.2d 246, 251 (Ariz. Ct. App. 1995).

trust and confidence in the criminal justice system. Therefore, the district court acted arbitrarily and capriciously in exercising its discretion.[3] Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order granting the motion to recuse.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Jessie Elizabeth Walsh, District Judge
Attorney General/Carson City
Clark County District Attorney
Gordon Silver
Robert M. Draskovich, Chtd.
William B. Terry, Chartered
Eighth District Court Clerk

_____

[3]We deny real party Steven Earl Brox's motion to enlarge the time to file a supplemental answer to the petition.