NOT DESIGNATED FOR PUBLICATION

No. 120,402

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF HUTCHINSON,
*Appellee*,

v.

ANNA MARIA ANGUIANO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed October 11, 2019. Affirmed.

*Nicholas L. Oswald*, of Hutchinson, for appellant.

*Michael C. Robinson*, municipal court prosecutor, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., LEBEN, J., and BURGESS, S.J.

PER CURIAM:  Anna Maria Anguiano was found guilty of driving while suspended in Hutchison Municipal Court. She appealed the verdict to the district court and was again found guilty following a bench trial. On appeal to this court, Anguiano contends that she was wrongfully convicted of violating the City of Hutchinson's driving while suspended ordinance. Instead, she argues that she should have been charged under the City of Hutchison's habitual violator ordinance. Finding that the prosecution has significant discretion in determining the charges to bring in a particular case and finding

the ordinance in which Anguiano was convicted to be unambiguous, we affirm the district court.

## FACTS

The parties agree to the facts of this case. On April 16, 2018, Anguiano was charged by the City of Hutchison with driving while suspended in violation of the Standard Traffic Ordinance for Kansas Cities as adopted by City of Hutchison. The City also charged her with driving with an expired tag and with a seatbelt violation. At the time of the alleged violations, Anguiano's driving privileges had been revoked or suspended and Anguiano had been certified as a habitual violator by Kansas Department of Revenue—Division of Vehicles.

On August 21, 2018, following a bench trial in Hutchinson Municipal Court, Anguiano was found guilty of driving while suspended in violation of Standard Traffic Ordinance (STO) 194(a)(1). Anguiano was also found guilty on the other charges but they are not at issue in this appeal. Thereafter, Anguiano timely appealed the municipal court's verdict to the district court.

On November 15, 2018, the district court held a bench trial. At trial, Anguiano stipulated to the submission of her certified driving record. After hearing the evidence, the district court also found Anguiano to guilty of driving while suspended in violation of STO 194(a)(1) as well as the two other charges.

Although Anguiano was sentenced to 90 days in jail, the district court authorized her for work release after serving 48 hours. In addition, the district court imposed a $1,500 fine based on her numerous prior instances of driving while suspended. Finally, she was ordered to pay a $25 fine on each of the other violations for which was convicted.

Thereafter, Anguiano timely appealed to this court.

ANALYSIS

In this appeal, Anguiano contends that the district court erred in convicting her of driving while suspended in violation of STO 194(a)(1). Instead, she argues that she should have been charged under the habitual violator ordinance, STO 195.1. In response, the City of Hutchison contends that these are two separate and distinct ordinances. Accordingly, the City argues that it was appropriate to charge Anguiano with driving while suspended under the circumstances presented. We agree.

At the outset, we note that the prosecution has significant discretion in determining which charges to bring in each case. *State v. Cope*, 30 Kan. App. 2d 893, 895, 50 P.3d 513 (2002) ("The prosecution of criminal offenses is the responsibility of the public prosecutor who ordinarily has sole discretion to determine whom to charge, what charges to file and pursue, and what punishment to seek."). Here, the City of Hutchison exercised its discretion to charge Anguiano with a violation of STO 194(a)(1). We note that this ordinance is part of the "Standard Traffic Ordinance for Kansas Cities" published by the League of Kansas Municipalities and adopted—with a few exceptions not applicable to this case—by the City of Hutchison.

In an attempt to sidestep the discretion granted to prosecutors in deciding what charges to file and pursue, Anguiano frames her argument as one of statutory—or ordinance—interpretation. The interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). This rule also applies to the interpretation of municipal ordinances. See *Phillips v. Vieux*, 210 Kan. 612, 617, 504 P.2d 196 (1972).

3

Generally, criminal statutes and ordinances are strictly construed in favor of the accused. However, such a construction—known as the rule of lenity—arises only when there is a reasonable doubt regarding the meaning of a statute or ordinance. When a statute or ordinance is plain and unambiguous, we are not to speculate about the legislative intent behind the language used, and we must refrain from reading something into the statute or ordinance that is not readily found in its words. Where there is no ambiguity, we need not resort to statutory construction. *Barlow*, 303 Kan. at 813.

STO 194(a)(1)—which is the ordinance Anguiano was convicted of violating—makes it a violation for a person to drive "a motor vehicle on any street or highway at a time when such person's privilege so to do is canceled, suspended or revoked or while such person's privilege to obtain a driver's license is suspended or revoked pursuant to K.S.A. 8-252a . . . ." The ordinance goes on to provide the penalties that may be imposed depending on the number of convictions a driver has for driving while canceled, suspended or revoked. By comparison, STO 195.1—which is the ordinance that Anguiano argues the City should have charged her with violating—makes it a violation for a person to operate a motor vehicle as a habitual violator. Again, the ordinance goes on to provide the penalties that may be imposed depending on the number of convictions for driving as a habitual violator.

We find no ambiguity in either of these municipal ordinances. Although the ordinances could overlap on occasion, there is nothing in the plain language of the ordinances to require the prosecution of one ordinance rather than another. In fact, the opposite appears true. We note that STO 194(b)(4)—the Driving While License Canceled, Suspended or Revoked ordinance expressly *includes* a subsection providing the penalty for habitual violators who drive while suspended.

In addition, both STO 194 and STO 195.1 provide similar penalties for second and third violations. Specifically, both ordinances impose a mandatory 90-day minimum jail

4

term and a $1,500 minimum fine for a third or subsequent violation—which is the penalty that Anguiano received in this case. This harmonious language between the ordinances further refutes Anguiano's argument of ambiguity. See *State v. Keel*, 302 Kan. 560, 574, 357 P.3d 251 (2015) ("appellate courts must consider various provisions of an act in pari materia, with a view toward reconciling and bringing the provisions into workable harmony if possible"). Indeed, contrary to Anguiano's interpretation, we find that the primary difference between the two ordinances is the means by which a person's license is revoked rather than the establishment of different penalty schemes.

Accordingly, we find the provisions of STO 194 and STO 195.1 to be unambiguous. Since the ordinances are unambiguous, the rule of lenity does not apply in Anguiano's case. Further, given that Anguiano received a penalty consistent with both ordinances, we find her argument to be without merit. As such, we find no error of law nor do we find that the prosecution abused its discretion by charging Anguiano with a violation of STO 194 under the circumstances presented in this case.

We, therefore, conclude that the district court did not err in convicting Anguiano of driving while suspended in violation of STO 194 and we affirm Anguiano's conviction.

Affirmed.