(77 P.3d 156)

No. 89,930

## In the Matter of J.A.B.

Opinion filed October 3, 2003.

*James C. Heathman*, of Heathman Law Office, of Topeka, for appellant.

*Daryl E. Hawkins*, assistant county attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., LEWIS, J., and WAHL, S.J.

RULON, C.J.: Respondent J.A.B. appeals the judgment adjudicating him guilty of aggravated battery and simple assault. The respondent challenges the constitutionality of the aggravated battery statute and argues that the record provides insufficient evidence to support an adjudication of aggravated battery. We affirm.

Late afternoon, on April 17, 2002, C.P., the victim, was walking to a friend's house along with her friend, L.C., and L.C.'s younger brother, W.W. As the group passed the home of D.M., a boy in the victim's class, the respondent ran around the house from the backyard carrying a plastic pellet gun, and D.M. closely followed. The respondent ordered the victim, L.C., and W.W. not to move or they would be shot.

The respondent pointed the gun at the victim, who hid behind W.W. The respondent told W.W. to move. When W.W. did not move out of the way, the respondent cocked the gun before saying: "I have to shoot it now." The respondent turned the gun towards

L.C., who jumped behind a tree. The respondent then again aimed the gun at the victim and shot her in the leg.

The victim shouted when the pellet hit her leg, rubbed her leg where the pellet had stung her, and joined L.C. behind the tree. When the victim peeked out from behind the tree, she noticed that the respondent had handed the gun to D.M., who was reloading it. The victim ran towards L.C.'s house, hearing pellets zinging past her as D.M. continued to shoot at her.

Later, the victim and the others went over to a police officer's house to recount their version of the events. The officer contacted the police, and Officer Pritchard was assigned to handle the call. After taking the statements of the victims, Pritchard called the residence of the respondent and talked to the respondent's grandmother. The grandmother reported that the respondent told her that he had pointed and fired the gun downward and that the pellet had ricocheted and hit the victim The officer visited the home of D.M. and eventually spoke to D.M. D.M. reported that the respondent had pointed the gun down, the gun had fired, and the pellet had ricocheted and hit the victim in the leg.

The State ultimately charged the respondent as a juvenile with one count of aggravated battery, in violation of K.S.A. 21-3414, and one count of aggravated assault, in violation of K.S.A. 21-3410.

On August 8, 2002, the juvenile adjudication hearing was held before the district magistrate judge. On August 20, 2002, the magistrate court entered judgment, finding the respondent guilty of aggravated battery and simple assault, as a lesser included offense of aggravated assault. On September 12, 2002, the magistrate court sentenced the respondent, later filing its journal entry of sentencing on September 24, 2002.

On October 10, 2002, the respondent filed his notice of appeal to the district court. The district court reviewed the record before the district magistrate judge and took evidence from the respondent before affirming the magistrate court's decision.

The district court entered its journal entry, sentencing the defendant to probation for 12 months under the supervision of community corrections on November 12, 2002, and the respondent filed a timely notice of appeal to this court.

## Notice of Appeal

As a preliminary matter, this court is faced with a question of jurisdiction. Whether this court possesses jurisdiction is a question of law over which this court has unlimited review. See *Cypress Media, Inc. v. City of Overland Park*, 268 Kan. 407, 414, 997 P.2d 681 (2000). If a district court inappropriately exercised jurisdiction over a case, any order imposed by the district court has no effect, and this court lacks jurisdiction to review the subject matter on appeal. See *In re Habeas Corpus Application of Horst*, 270 Kan. 510, 515, 14 P.3d 1162 (2000).

According to K.S.A. 38-1683(b), appeals of juvenile adjudications from a magistrate court are to be taken in the manner set forth by article 21 of Chapter 60 of the Kansas Statutes Annotated. K.S.A. 38-1683(a) provides for an expedited appeal of a juvenile adjudication from a magistrate decision, requiring the appeal to be heard within 30 days of the filing of the notice of appeal. However, the statute provides no indication as to when the notice of appeal must be filed.

The procedure for appealing a magistrate decision outlined by K.S.A. 60-2103a(a) provides:

"(a) In actions commenced in the district courts of this state all appeals from orders or final decisions of a district magistrate judge shall be heard by a district judge. Except as otherwise provided by law, such appeals shall be taken by notice of appeal specifying the order or decision complained of and shall be filed with the clerk of the district court within 10 days after the entry of such order or decision. The notice of appeal shall specify the party or parties taking the appeal; shall designate the order or decision appealed from; and shall state that such appeal is being taken from an order or decision of a district magistrate judge. The appealing party shall cause notice of the appeal to be served upon all of the parties to the action in accordance with the provisions of K.S.A. 60-205 and amendments thereto. Upon filing the notice of appeal, the appeal shall be deemed perfected."

The parties disagree upon the interpretation to be given the terms "orders or final decisions" within K.S.A. 60-2103a. The State contends that a juvenile adjudication is in the nature of a criminal proceeding, to the extent that the judgment is entered in open court with the respondent present to hear the sentence of the court. Consequently, the State urges this court to calculate the time

for filing a notice of appeal from the date the judgment was declared. In contrast, the respondent contends that juvenile adjudications have historically been deemed civil proceedings and, consequently, the time for filing a notice of appeal should not begin to run until the filing of the journal entry of judgment.

In the criminal context, the judgment is effective, thus starting the time period for appeal, when the defendant's sentence is pronounced from the bench in open court. See *State v. Wilson*, 15 Kan. App. 2d 308, 310, 808 P.2d 434 (1991) (citing *State v. Moses*, 227 Kan. 400, 402-03, 607 P.2d 477 [1980]). Moreover, when a criminal defendant is sentenced by a magistrate court, the sentence must be imposed in open court within the defendant's presence. See *Wilson*, 15 Kan. App. 2d at 310 (citing K.S.A. 22-3424[1] and K.S.A. 22-3405[2]).

In contrast, the Juvenile Justice Code does not specifically mandate a respondent's presence during the proceedings. For certain juvenile proceedings, such as a determination whether a juvenile should be prosecuted as an adult, the legislature has specifically enabled the court to continue without the presence of the juvenile. See K.S.A. 38-1636(d).

However, even if a juvenile is present for sentencing, the legislative scheme for juvenile adjudications clearly marks the procedure as civil in nature, rather than criminal. See *State v. Clint L.*, 262 Kan. 174, 177, 936 P.2d 235 (1997). In a civil proceeding, the clock for filing a notice of appeal does not begin to run until the date of the filing of the journal entry of judgment. See K.S.A. 2002 Supp. 60-2103(a) ("[T]he time within which an appeal may be taken shall be 30 days from *the entry of the judgment*, as provided by K.S.A. 60-258.").

Similarly, under the Juvenile Justice Code, the notice of appeal must be filed within 10 days of the *entry of sentence*. See K.S.A. 38-1681(b). Had the legislature intended the appeals time to begin running from the date the sentence was announced in open court, it could easily have provided that the notice of appeal must be filed within 10 days of *sentencing*. The language contained in a statute is to be afforded its ordinary meaning, and the courts should not read statutes to include matters not readily found in the language

or to exclude matters which are plainly included. See *GT, Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001).

Moreover, in discussing sentencing, the Juvenile Justice Code clearly states that any sentencing order does not become effective until it is filed into the court's journal and, thereupon, it becomes immediately effective. See K.S.A. 38-1663(i). Because the court's sentencing orders do not become effective until the journal entry is filed and because appeals must be taken from the entry of the sentence in a juvenile adjudication proceeding, the time for filing a notice of appeal from a district magistrate court to a district court in a juvenile adjudication proceeding should not begin until the magistrate court has entered its sentencing order into the court's journal.

Here, the magistrate court filed its journal entry of sentencing on September 24, 2002. The district court properly calculated the appeals time from this date. Because the sentencing order becomes effective by journal entry, the order must be mailed to the respondent. According to K.S.A. 2002 Supp. 60-206, this mailing extends the time for filing a notice of appeal by 3 days, if necessary. The operation of this statute would move the start date from September 24, 2002, to Friday, September 27, 2002.

According to K.S.A. 2002 Supp. 60-206(a):

"(a) *Computation; legal holiday defined.* In computing any period of time prescribed or allowed by this chapter, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation."

Because the start date with the application of the mail rule is Friday, September 27, 2002, day 1 of the filing time would begin on Monday, September 30, 2002. The 10th day in the period, excluding weekends, would fall on October 11, 2002. Because the respondent filed his notice of appeal in the district court on Oc-

tober 10, 2002, the appeal from the magistrate's decision was timely.

Consequently, the district court properly exercised jurisdiction over the appeal, and this court has not been deprived of jurisdiction to review the district court's rulings. See *Horst*, 270 Kan. at 515 (an appellate court lacks jurisdiction to review a district court's decision entered without jurisdiction).

## Sufficiency of Evidence

The first substantive issue raised by the respondent concerns the sufficiency of the evidence supporting a finding that he was guilty of aggravated battery under K.S.A. 21-3414(a)(2)(B). When the sufficiency of the evidence in a juvenile adjudication proceeding is challenged, the standard of review is whether, after review of all the evidence viewed in a light most favorable to the petitioner, the appellate court is convinced that a rational factfinder could have found the respondent guilty beyond a reasonable doubt. See *In re B.M.B.*, 264 Kan. 417, 433, 955 P.2d 1302 (1998).

A finding of guilt under K.S.A. 21-3414(a)(2)(B) is a severity level 8 person felony. In order to reach such a finding, the finder of fact must find either that the respondent recklessly inflicted bodily harm on another person with a deadly weapon or recklessly inflicted bodily harm upon another in a manner whereby great bodily harm, disfigurement, or death can result.

Here, the weapon used was a hand-held, spring-loaded handgun which fired synthetic nylon pellets. The respondent contends that the district court properly found that the pellet gun cannot be categorized as a deadly weapon. However, the respondent also argues that the manner in which the gun was used could not possibly have caused C.P. great bodily harm, disfigurement, or death.

In the context of the aggravated battery statute, a deadly weapon is an instrument that, in the manner used, is calculated or likely to produce death or serious bodily injury. See *State v. Whittington*, 260 Kan. 873, 878, 926 P.2d 237 (1996). The determination that an instrument is a deadly weapon is based upon an objective standard; in other words, an instrument is a deadly weapon if the instrument is used in a manner which a reasonable person would

believe likely to produce death or serious bodily injury. See *State v. Kelly*, 262 Kan. 755, 763, 942 P.2d 579 (1997).

Because the determination of whether an instrument is a deadly weapon is so tied to the circumstances in which the instrument is used, this determination is generally a question reserved to the finder of fact. See *State v. Colbert*, 244 Kan. 422, 427, 769 P.2d 1168 (1989). Here, the district court made a negative finding concerning the deadly nature of the pellet gun. The petitioner did not object to the district court's determination at trial and does not cross-appeal this determination. As such, this issue is deemed abandoned. See *State v. Brown*, 272 Kan. 843, 844, 35 P.3d 910 (2001); *Gilkey v. State*, 31 Kan. App. 2d 77, 77-78, 60 P.3d 351, *rev. denied* 275 Kan. 963 (2003).

In contrast, the district court found that the respondent's actions constituted aggravated battery under the provision which defined the crime as the reckless infliction of bodily harm upon another in a manner whereby great bodily harm, disfigurement, or death can result. When reviewing the sufficiency of the evidence, this court must interpret disputed facts in a light most favorable to the petitioner. See *In re B.M.B.*, 264 Kan. at 433. Given our standard of review, we are satisfied that the record demonstrates a sufficient potential for great bodily harm to the victim to support the district court's finding that the respondent was guilty of aggravated battery.

## The Constitutional Challenge

Next, the respondent contends that the provision of the aggravated battery statute under which he was adjudicated guilty is unconstitutionally vague because, in any circumstance in which one is acting recklessly, another person could possibly become seriously injured.

The courts of this state have previously considered whether different aspects of the aggravated battery statute are void for vagueness and have upheld the statute. See *State v. Bowers*, 239 Kan. 417, 426-27, 721 P.2d 268 (1986) (finding "in any manner" to provide a sufficiently definite warning of criminal act); *State v. Sanders*, 223 Kan. 550, 552, 575 P.2d 533 (1978) (upholding element of "great bodily harm" from constitutional attack for vagueness);

*State v. Kleber*, 2 Kan. App. 2d 115, 118-19, 575 P.2d 900, *rev. denied* 225 Kan. 846 (1978) (ruling that the phrase "can be inflicted" was not unconstitutionally vague).

Although these cases involved a prior version of the statute, which did not contain the recklessness element of the current statute, the provision under which the respondent was adjudicated involves identical elements except that "recklessly" replaces "intentionally." See K.S.A. 21-3414.

In *State v. Cope*, 29 Kan. App. 2d 481, 29 P.3d 974 (2001), *rev'd in part on other grounds* 273 Kan. 642, 44 P.3d 1224 (2002), this court considered a constitutional challenge to the criminal threat statute, which prohibited the communication of violence in reckless disregard of the risk of causing terror or evacuation from a building. Establishing the test for vagueness, this court noted: "A statute is not void for vagueness and uncertainty where it employs words commonly used or previously judicially defined, or the words have a settled meaning in law." 29 Kan. App. 2d at 485 (citing *State v. Kirkland*, 17 Kan. App. 2d 425, 428-29, 837 P.2d 846, *rev. denied* 251 Kan. 941 [1992]). The court then noted that "reckless" carries such a settled legal meaning. 29 Kan. App. 2d at 486. In light of this court's reasoning in *Cope*, the respondent's argument that the new "reckless" subsection of the aggravated battery statute is void for vagueness is without merit. K.S.A. 21-3414(a)(2)(B) is not unconstitutionally vague.

Finally, the respondent contends that the aggravated battery statute was unconstitutional as applied in his case. In essence, the respondent contends that the district court improperly construed the aggravated battery statute in determining that the facts presented in this case constituted the conduct prohibited by the statute. We disagree.

Affirmed.