NOT DESIGNATED FOR PUBLICATION

No. 113,745

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of: Z.M.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS E. FOSTER, judge. Opinion filed January 8, 2016. Affirmed.

*Megan L. Harrington*, of Overland Park, for appellant.

*Daniel G. Obermeier*, legal intern, *Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., POWELL, J., and DAVID J. KING, District Judge, assigned.

*Per Curiam*: Z.M. appeals from his conviction of possession or consumption of alcoholic liquor by a minor pursuant to K.S.A. 2014 Supp. 41-727. He contends the district court erred because: (1) the court considered the fact he was arrested as evidence supporting his guilt; and (2) there was insufficient evidence to support his conviction.

The police, having been dispatched to an apartment following a noise and suspected underage drinking complaint, found about 20 people inside the apartment and a trash bag full of beer cans. Z.M., age 17, one of those attending the party, was arrested and charged under K.S.A. 2014 Supp. 41-727. This statute makes it illegal for a person under 21 years of age to "possess, consume, obtain, purchase or attempt to obtain or purchase alcoholic liquor or cereal malt beverage except as authorized by law." K.S.A. 2014 Supp. 41-787(a). These prohibitions are stated in the alternative. The State proceeded in the trial to the court on a theory of consumption rather than possession of

1

alcohol. All of its evidence related to the consumption of alcohol. There was no attempt to prove that Z.M. possessed any alcohol at the time of his arrest.

At the bench trial on Z.M.'s charge, the State introduced into evidence a photograph of the trash bag full of empty beer cans found in the apartment. The photograph also depicted at least three empty broken-down cardboard beer boxes; one box clearly stated that it was a 30-pack of beer. Officer Dan Kellerman testified that the police moved the people from inside the apartment to a parking lot outside. He testified that he made contact with "several juveniles" that were in the apartment whom he believed were not drinking. Z.M. told the officer that he had not consumed alcohol, but Officer Kellerman did not believe him because Z.M. had a strong odor of alcohol on his breath, had bloodshot eyes, and refused a preliminary breath test (PBT).

The district court found Z.M. guilty, and this appeal followed.

Z.M. claims the district court erred by considering the fact that Officer Kellerman arrested him in finding him guilty under K.S.A. 2014 Supp. 41-727. Z.M. argues that in announcing his decision, the district judge commented about others at the party not being arrested, thereby indicating that the judge considered the fact of Z.M.'s arrest in making his finding of guilt. Z.M. asserts that evidence of a defendant's arrest cannot be used as evidence supporting guilt and that the district court's consideration of this fact violated Z.M.'s due process rights; that is, the officer needed only probable cause to arrest Z.M. but proof beyond a reasonable doubt was necessary to support a conviction. Further, he contends the error cannot be considered harmless because the evidence against him was not overwhelming.

Z.M. did not raise this issue before the district court. He raises it for the first time on appeal. Under Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41), an appellant must explain why an issue was not raised below and why an appellate court

2

should consider the issue for the first time on appeal. See *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015) (holding that Rule 6.02[a][5] will henceforth be strictly enforced). Z.M. fails to address why he did not object below and why his argument is properly before this court. Thus, this issue has not been properly preserved for us to consider on appeal.

Besides, even if Z.M. had preserved the issue for review, his argument would fail. The judge's comments were simply directed to the credibility of Officer Kellerman's overall testimony. The judge believed Officer Kellerman's testimony was credible because Officer Kellerman observed many people, formed the opinion that some people had not been drinking, but also formed the opinion that Z.M. had been drinking. The judge did not apply the lesser probable cause standard to establish Z.M.'s guilt but specifically found "beyond a reasonable doubt that [Z.M.] committed the acts set forth in the complaint." Finally, any error associated with this comment was harmless in view of the overwhelming evidence of Z.M.'s guilt, as we will discuss below.

Z.M. mentions in passing that the district court relied on a fact not in evidence because Officer Kellerman never testified that "'they didn't just arrest everybody.'" But Z.M. does not adequately brief this issue, so he has abandoned it. See *State v. Llamas,* 298 Kan. 246, 264, 311 P.3d 399 (2013).

Next, Z.M. argues that the evidence was insufficient to support a conviction. In considering this claim we examine the evidence at trial in the light favoring the prosecution to determine if a rational factfinder could have found Z.M. guilty beyond a reasonable doubt. See *In re J.A.B.*, 31 Kan. App. 2d 1017, 1022, 77 P.3d 156, *rev. denied* 277 Kan. 924 (2003). In considering whether a conviction is supported by substantial evidence, we consider both direct and circumstantial evidence. A finding of guilt may be supported by circumstantial evidence if such evidence provides a basis from which the factfinder may reasonably infer the existence of the fact in issue. *State v. Brooks*, 298

Kan. 672, 689, 317 P.3d 54 (2014). In our review we do not reweigh the evidence or reassess the credibility of witnesses; we leave those matters to the trial judge. See *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014). We will reverse only if no reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. See *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983).

Z.M. argues that the district court could not rely on his proximity to alcohol (the trash bag full of beer cans) as support for his guilt because "[p]roximity to alcohol does not prove possession or consumption."

Z.M. relies on *State v. Bullocks*, 2 Kan. App. 2d 48, 49-50, 574 P.2d 243 (1978), *rev. denied* 223 Kan. clxxii (1978), *disapproved on other grounds by State v. Boggs*, 287 Kan. 298, 197 P.3d 441 (2008). In *Bullocks*, the defendant was charged with possessing marijuana because marijuana had been found inside a shared residence. The *Bullocks* court held: When a defendant is in nonexclusive possession of premises on which drugs are found, . . . it cannot be inferred that the defendant knowingly possessed the drugs unless there are other incriminating circumstances linking the defendant to the drugs." 2 Kan. App. 2d at 50.

*Bullocks* does not control. The evidence in Z.M.'s case supported a conviction for consuming alcohol, not possessing it. Although Z.M. was not tried on a theory of possession, there were incriminating circumstances linking him to the beer cans in the trash bag. He had the odor of alcohol on his breath and his eyes were bloodshot, both of which are well-recognized indicia of having consumed alcohol.

Z.M. also places unjustified reliance on *In re WRC*, No. 64,013, Kan. App. unpublished opinion filed April 13, 1990, another minor *in possession* case. W.R.C., a minor, was the passenger in a truck that contained beer in its cabin. W.R.C.'s friend owned the truck and was driving the truck when police pulled them over. No other

4

evidence supported the claim that W.R.C. possessed the beer. On appeal, the court reversed, finding that in order to support a conviction there needed to be incriminating evidence linking W.R.C. to the beer other than his mere presence in the truck. Slip op. at 7-8.

Again, *WRC* relates to evidence of a minor *in possession*, which is not what was proven in Z.M.'s case. There was ample (in fact, overwhelming) incriminating evidence that Z.M., a minor, consumed alcohol.

Next, Z.M. asserts the district court could not rely on his refusal to take the PBT to support his conviction for two reasons:  (1) under K.S.A. 2014 Supp. 41-727(g), refusal to submit to a PBT is "not per se proof" that a person violated K.S.A. 2014 Supp. 41-727; and (2) because Z.M.'s father told him not to take the PBT.

K.S.A. 2014 Supp. 41-727(g) states that a minor's refusal to submit to a PBT does not constitute per se proof of guilt. But this does not mean that a minor's refusal to take a PBT cannot be used as evidence in support of a finding of guilt. K.S.A. 2014 Supp. 41-727(g) explicitly states that "a refusal to submit to a preliminary breath test shall be admissible in court in any criminal action." Z.A.'s refusal to submit to a PBT was substantial evidence supporting the district court's finding of guilt.

Further, the father's admonition to his son not to take the PBT test does not affect the district court's ability to base a guilty finding upon the defendant's failure to submit to the test. There was conflicting testimony at trial regarding whether father actually told Z.M. to refuse the test. Officer Kellerman testified that he remembered father was present when he asked Z.M. to take the PBT, but he did not remember father advising Z.M. to not take the PBT. There was also conflicting testimony regarding the odor of alcohol and the redness of Z.M.'s eyes. But by its ultimate finding of guilt, it is apparent that the district court found Officer Kellerman's testimony more credible on all these issues and resolved

5

the factual disputes in favor of the State. We do not second-guess the trial court regarding the credibility of the witnesses. See *Williams*, 299 Kan. at 525.

The evidence of (1) the massive amounts of beer and beer cans present in the apartment, (2) the odor of alcohol on Z.M.'s breath, (3) Z.M.'s bloodshot eyes, and (4) Z.M.'s refusal to take the PBT all provide substantial evidence to support Z.M.'s conviction. We find no reversible error in the district court's disposition of this case.

Affirmed.